**William J. DODD, Libelant,**

v.

**THE M/V PEGGY G., her engines, tackle, furniture and appurtenances thereof, and Star Fish & Oyster Company, an Alabama corporation, Respondents.**

**No. 2551.**

United States District Court
S. D. Alabama, S. D.

March 29, 1957.

Ross Diamond, Jr., Mobile, Ala., for libelant.

Thomas M. Galloway of Collins, Galloway & Murphy, Mobile, Ala., for respondents.

THOMAS, District Judge.

Libelant seaman, a tubercular patient in a marine hospital, who could have been released to out-patient status, if he could have adequately provided for himself, sues for maintenance from the time he could have been released.

### Findings of Fact

1. Libelant was employed as a seaman on the fishing boat Peggy G., which is owned by the Star Fish and Oyster Company of Mobile, Alabama.

2. In January 1954, libelant complained that he was not feeling well. The captain of the Peggy G. issued a certificate entitling libelant to medical care at the Marine Hospital, Mobile, Alabama. There he was given a physical examination. From the examination, it was determined that it would be best to transfer him to the Marine Hospital, New Orleans, Louisiana. He was given further examination in New Orleans, then released to duty while study was made of the examination. From that study it was determined that libelant was suffering from tuberculosis.

3. Libelant was notified that he had tuberculosis, that to effect a cure would require extensive hospitalization, and that facilities were available to him at the Marine Hospital in New Orleans. He reported to the Marine Hospital, New Orleans, June 1, 1954, and was admitted as an in-patient. He has continued in that status since June 1, 1954, with the exception of the few days it was necessary for him to appear in court for the trial of this cause.

4. By the spring of 1955, libelant's recovery had progressed to the point that hospital authorities determined he could soon be released to out-patient status. Libelant, by his attorney, notified Star Fish and Oyster Company, March 29, 1955, of his improved condition, requesting arrangements be made for his maintenance at such time as he might be released to out-patient status. Libelant and respondent Company did not reach any agreement for maintenance for the libelant. Again on May 24, 1955, libelant informed respondent Company that he could soon be placed on out-patient status and requested that arrangements be made for his maintenance. Still no arrangements were made for maintenance of libelant. Up to the time of the hearing of this cause, respondent Company had made no payments for maintenance of libelant, nor had it made any arrangements for such payments.

5. Since approximately July 1, 1955, libelant has shown sufficient recovery that hospital authorities would be willing to release him from hospital confinement to out-patient status if he could adequately furnish maintenance for himself. Li-

belant, from such time, has not been financially able to provide himself with adequate maintenance. Principally because of libelant's lack of means for adequate maintenance, authorities of the Marine Hospital in New Orleans have continually offered and held out to libelant facilities as an in-patient. Libelant has accepted the offer of free hospitalization and has continually taken advantage of the facilities and services for an in-patient of the Marine Hospital since his admission June 1, 1954, up to and including the time of the hearing of this cause, except for his appearance at the trial.

6. At no time during his long illness has libelant incurred, or obligated himself for, any expense for his maintenance and cure. The failure of Star Fish and Oyster Company to furnish libelant with maintenance since he has been eligible to be placed on out-patient status has in no way increased the injury to, or contributed to any further injury to, the health of the plaintiff.

7. There is not sufficient evidence for the court to make a finding as to the necessity for and duration of future care and maintenance.

## Conclusions of Law

1. A seaman may not recover for maintenance without proof of expenses incurred, or obligation created, for such maintenance.[1]

2. A seaman may not recover damages for failure to pay maintenance without proof that he sustained injury by reason of the failure of payment of maintenance.[2]

1. Ballard v. Alcoa S.S. Co., D.C., 122 F. Supp. 10; The Balsa, 3 Cir., 10 F.2d 408; The Baymead, 9 Cir., 88 F.2d 144; Field v. Waterman S.S. Corporation, 5 Cir., 104 F.2d 849; United States v. Johnson, 9 Cir., 160 F.2d 789, affirmed on the question of maintenance, 333 U.S. 46, 68 S.Ct. 391, 92 L.Ed. 468; Robinson v. Swayne & Hoyt (The Point Clear), D.C., 33 F.Supp. 93; The James E. Ferris, D.C., 1 F.Supp. 1018.

2. De Zon v. American President Lines, 318 U.S. 660, 63 S.Ct. 814, 87 L.Ed. 1065; Cortes v. Baltimore Insular Line, 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368; Sims v. United States of America War Shipping Administration, 3 Cir., 186 F.2d 972, certiorari denied 342 U.S. 816, 72 S.Ct. 31, 96 L.Ed. 617; The Point Fermin, 5 Cir., 70 F.2d 602; Ladjimi v. Pacific Far East Line, D.C., 97 F.Supp. 174.