**MARINE DRILLING, INC., Appellant,**

v.

**Arthur LANDRY, Minor, through Stanley L. Landry, next friend, Appellee.**

**No. 19042.**

United States Court of Appeals Fifth Circuit.

April 27, 1962.

George W. Healy, III, New Orleans, La. (W. Eugene Davis and Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., of counsel), for appellant.

Meredith T. Holt, Lake Charles, La., Baker, Lamson & Plessala, Port Arthur, Tex., Cavanaugh, Hickman, Brame & Holt, Lake Charles, La. (O. I. Baker, Port Arthur, Tex., of counsel), for Arthur Landry, plaintiff-appellee.

Before HUTCHESON, CAMERON and GEWIN, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the United States District Court of the Eastern District of Louisiana, awarding plaintiff $812.00 for maintenance and cure, in a suit under the Jones Act, 46 U.S.C.A. § 688, precipitated by an injury sustained by the plaintiff-appellee while employed as a roustabout aboard the off shore submersible drilling rig, American Tidelands 101, on June 9, 1957.[1]

---

1. American Tidelands, Inc. subsequently merged with Marine Drilling Company. The surviving corporation, Marine Drill-

ing, Inc., was substituted as defendants herein.

Appellee was eighteen years old when he was hired by American Tidelands, Inc. for summer work as a roustabout. On June 9, 1957, while working, appellee sustained a fracture of the right ankle when a section of drill collar rolled over his leg. Appellee was transported, at appellant's expense, to Terrebonne General Hospital and remained there until July 15, 1957, when he was discharged. Appellant paid all of appellee's medical expenses plus $35.00 a week from the time of the accident until the time he was discharged.

From the date of appellee's discharge from the hospital until September of 1957, he lived at the home of his parents and made no outlays for his own support. From September of 1957 through December 19, 1957, the date of maximum cure, appellee received his expenses from Texas A & M College pursuant to an athletic grant-in-aid scholarship. The lower court entered a judgment for maintenance and cure from the time he was discharged from the hospital until December 19, 1957, the date of maximum cure, although appellee had never expended any moneys of his own during that time.

■■ The reasoning underlying the ancient doctrine of maintenance was made by Mr. Justice Story in Harden v. Gordon, Fed.Cas. No. 6,047, 2 Mason 541, which was to the effect that, since a seaman is traditionally alone, helpless, poor and friendless, the ship or her owner is therefore liable for his maintenance. However, this court in Field v. Waterman S.S. Corp., 5 Cir., 104 F.2d 849 (1939) took the position that a seaman cannot recover for past maintenance and cure unless he shows that he has paid for them. The Fourth Circuit acknowledged this rule in Williams v. U. S., 4 Cir., 228 F.2d 129 (1955). Also it has been held that a minor cannot recover maintenance and cure for the support furnished by his parents in which he expended no money of his own. Johnson v. U. S., 333 U.S. 46, 68 S.Ct. 391, 92 L.Ed. 468 (1948); Robinson v. Swayne & Hoyt, Inc., (D.C.Cal.) 33 F.Supp. 93 (1940). A decision apparently to the contrary

was rendered in Brinkman v. Oil Transfer Corp., 300 N.Y. 48, 88 N.E.2d 817, 13 A.L.R.2d 623 (1949), which held a young man could recover against a ship owner for expenditures rendered by his family in an emergency situation when he was never offered any choice between going to the hospital or his home. This decision raises somewhat of a question in that the recovery was intended to reimburse the parents, while it actually went to the minor who was not obligated to pay the sum to his parents.

■■ It is thought that the better view is, that one who has not paid his own expenses, whether a minor living at the home of his parents or otherwise, cannot recover maintenance and cure from the ship owner. In this case there is no dispute as to the facts. Only a question of law is presented.

The judgment is

Reversed.