**Joseph L. PHILLIPS, Jr., Plaintiff,**

v.

**BOATEL INCORPORATED, Defendant.**

**Civ. A. No. 15638.**

United States District Court
E. D. Louisiana,
New Orleans Division.

March 7, 1968.

R. C. Edwins, Baton Rouge, La., for plaintiff.

George B. Matthews, New Orleans, La., for defendant.

RUBIN, District Judge:

## FINDINGS OF FACT

1. The plaintiff (Phillips) was employed by the defendant (Boatel) to serve as both cook and deckhand aboard a barge, Barge 12. On May 12, 1963, he was injured in the course of his duties and in the service of the vessel.

2. The injury was not due to the negligence of the defendant or any of its employees, nor was it due to the unseaworthiness of the barge. It was due solely to the maneuvering of the Tugs CAPTAIN DALE and W.M.L. These tugs were owned and operated by independent contractors, and were not under the control of the defendant. The defendant is not, therefore, responsible for their actions. Since neither the tugs nor their owners are parties to this suit, no determination is made concerning whether or not there was any negligence on the part of the owners or operators of either of the tugs.

3. The plaintiff was injured on May 12, 1963 while removing one of the mooring lines of the barge from a piling cluster. His injuries were occasioned when one of the tugs collided with the barge as a result of the manner in which the tug was being navigated.

4. Plaintiff's wages were paid in full for the pay period in question.

5. The plaintiff returned to work in June, 1964. During the period for which he claims maintenance, he earned $530.88 working for a third person. It is therefore the conclusion of the Court that maintenance should be allowed for a term of one year.

6. The plaintiff has incurred medical expenses in the amount of $210. While he testified that he had incurred miscellaneous expense in the sum of $200, this appears to be excessive; a fair amount for such miscellaneous expense is the sum of $50.

## CONCLUSIONS OF LAW

1. Plaintiff having been paid in full for the pay period in question, there is no claim for wages. Vickers v. Tumey, 5 Cir., 1961, 290 F.2d 426.

2. The plaintiff is entitled to maintenance at a rate equal to the reasonable cost of meals and lodging of the same quality as those that were furnished to him while he was working aboard the barge. Calmar Steamship Corp. v. Taylor, 1938, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993; United States v. Robinson, 5 Cir., 1948, 170 F.2d 578. The appropriate rate of maintenance in this case is $8.00 per day.[1]

3. The plaintiff is entitled to judgment in the sum of $2,920, plus medical expense in the amount of $250. Inter-

---

[1]. In arriving at this rate the Court takes notice of the fact that many union contracts provide for maintenance at the rate of $8.00 per day in the Eastern District of Louisiana. The Court likewise takes notice of the frequency with which $8.00 is stipulated to be a reasonable daily maintenance rate in this district. See, e. g., Theriot v. Aetna Casualty & Surety Co., E.D.La., 1963, 215 F.Supp. 36; Creppel v. J. W. Banta Towing, Inc., E.D.La., 1962, 202 F.Supp. 508.

In Hudspeth v. Atlantic & Gulf Stevedoring, Inc., E.D.La., 1967, 266 F.Supp. 937, this Court awarded maintenance at the rate of $6.00 per day. However, in that case, the quality of meals and lodging furnished to the plaintiff were substantially inferior to that which is normally provided aboard vessels in this area, and the plaintiff sued for only $6.00 per day.

est at the rate of five (5%) per cent per annum will be allowed from May 12, 1963. The Clerk will prepare a judgment accordingly.

