Clarence DUPLANTIS, Plaintiff,

v.

WILLIAMS–McWILLIAMS INDUS-
TRIES, INC., Defendant.

Civ. A. No. 68–947.

United States District Court
E. D. Louisiana,
New Orleans Division.

March 18, 1969.

**14**

Darryl J. Tchirn, Badeaux & Discon, New Orleans, La., for plaintiff.

Christopher Tompkins, Deutsch, Kerrigan & Stiles, New Orleans, La., for defendant.

## ON MOTION FOR SUMMARY JUDGMENT AS TO MAINTENANCE AND CURE

CASSIBRY, District Judge:

This is a seaman's action for damages under the Jones Act, 46 U.S.C. § 688, and the general maritime law by the piledriver foreman and member of the crew of the defendant's barge, Piledriver No. 45. Claim is also made for maintenance at the rate of $8.00 per day. The defendant, who has been voluntarily paying maintenance of $6.00 per day, has refused the plaintiff's demand for an increased payment. By way of this motion for summary judgment, the plaintiff now seeks to increase maintenance to the $8.00 per day prayed for in his complaint. Alleging unreasonable denial of the increased maintenance payments, the plaintiff also requests that judgment be entered awarding him attorney's fees.

As the defendant has admitted in his answer that the plaintiff is a seaman, and is thus entitled to maintenance under the general maritime law, the only issue remaining is the proper rate of the maintenance award. This is a factual question which must be submitted to the jury when the claim for maintenance is joined with a claim under the Jones Act arising out of the same facts,[1] but it may, of course, "be determined on motion for summary judgment where the 'extraneous materials' in support of the motion 'estab-

lish with certainty that there is no triable issue of fact, and in that event summary judgment should be rendered for the party entitled thereto as a matter of law.'" Hudspeth v. Atlantic & Gulf Stevedores, Inc., 266 F.Supp. 937, 943–944 (E.D.La.1967), quoting Moore, Federal Practice ¶56.17(35).

The plaintiff asserts that $8.00 per day is well established as the reasonable maintenance rate in this area, that no triable issue of fact is therefore presented, and that a summary judgment is proper. Without disputing the reasonableness of the $8.00 rate in general, the defendant opposes the increase in this particular case because the plaintiff rents an apartment in New Orleans where he stays on the days when he is not in the service of the barge, thus making his lodging a fixed expense which he bears and which should not be compensated by maintenance. Summary judgment, according to the defendant, is therefore inappropriate, for the proper amount of maintenance is in dispute and is for the jury to decide.

For the reasons given below, the Court finds insufficient evidence to grant all the relief requested and grants only a partial summary judgment, with leave to reassert the remainder of the motion if the plaintiff can establish a sufficient factual basis for a summary decision.

A seaman is entitled to recover as maintenance only those costs actually incurred, i.e., costs which he has paid for with his own money. Marine Drilling, Inc., v. Landry, 302 F.2d 127 (5th Cir. 1962); Field v. Waterman S. S. Corp., 104 F.2d 849 (5th Cir. 1939). The defendant would have this Court hold that where the seaman, before his injury, was providing at his own expense an element of the maintenance payment, namely lodging, he is not entitled to recover this expense as part of his

---

1. Fitzgerald v. United States Lines Co., 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). This does not, of course, preclude it being stipulated that, in the event the jury returns a verdict for the

plaintiff under the Jones Act, the Court will award the amount due as maintenance and cure. See Smith v. Noble Drilling Co., 272 F.Supp. 321 (E.D.La. 1967).

maintenance award as this is not a cost actually incurred by him during his cure. The Court cannot agree that, because a lodging expense is incurred by the seaman before his injury, it is not therefore a cost actually incurred during his cure. To so hold would not only do violence to the theory underlying maintenance, which is to provide compensation sufficient to pay for the care of the injured seaman,[2] necessarily including his lodging expense, but would also restrictively define, contrary to generally accepted canons of interpretation,[3] the costs actually incurred by a seaman during his cure. Lodging is one of the costs incurred, and as long as the injured seaman pays for it out of his own funds, its cost should be borne by the shipowner. That the seaman previously provided his own lodging is immaterial. Furthermore, to adopt the defendant's position would be inconsistent with those cases determining that a seaman, even though he normally pays for all or part of his sustenance while serving aboard a vessel, is still entitled to receive full maintenance when injured. *See* Weiss v. Central Railroad Co. of New Jersey, 235 F.2d 309 (2d Cir. 1956); The City of Avalon, 156 F.2d 500 (9th Cir. 1946); Hudspeth v. Atlantic & Gulf Stevedores, Inc., *supra*. The rationale of these cases, which requires of rejection *a fortiori* of the defendant's argument, was stated by Judge Rubin in *Hudspeth, supra,* 266 F.Supp. at 943:

> "To deny one who is clearly a seaman the right to maintenance merely because he does not receive lodging and meals aboard ship raises problems that would distort the simple lines of the maintenance remedy. The logical extension of such a rule would be to hold that, if such a seaman is hospitalized, he must provide his own meals; his employer need provide only the cure. If a seaman were at sea five days a week, but was normally ashore and provided his own lodging and food two days a week, the same reasoning would indicate that he should be paid maintenance only for ⁵⁄₇ of the period during which he is disabled. In the present case the plaintiff received an allowance for meals for six days in the seven months preceding the injury; is he to be given a maintenance allowance of ⁶⁄₇ of a day per month? Indeed, the rationale that maintenance is allowable only when meals would have been served aboard challenges the now well settled doctrine that the disabled seaman is entitled to be paid maintenance beyond the end of his voyage, for were maintenance to be allowed only for those days during which the ship would have served him meals, it would end when the voyage was over."

Having concluded that the plaintiff is entitled to receive compensation for his lodging expenses, the Court has only to consider the proper rate of maintenance to be awarded in this case. For guidance, reference is again made to *Hudspeth, supra,* at 944, which reviews the applicable law:

> "The amount of maintenance to which an injured seaman is entitled is a factual question. Some courts have measured it by the amount necessary to provide meals and lodging ashore of the same character that were furnished aboard ship; but other authorities say the amount is to be based on proof of the seaman's out-of-pocket expenses. Maritime union contracts frequently fix the daily maintenance

2. Norris, The Law of Seamen § 536, at 577 (1962).

3. "Admiralty courts have been liberal in interpreting the duty to pay maintenance 'for the benefit and protection of the seamen who are its wards.' 'Certainly the nature and foundations of the liability require that it be not narrowly confined or whittled down by restrictive and artificial distinctions defeating its broad and beneficial purposes.' For the shipowner's liability for maintenance and cure is among 'the most pervasive' of all. When there are ambiguities or doubts, they are resolved in favor of the seaman." Hudspeth v. Atlantic & Gulf Stevedores, Inc., 266 F.Supp. 937, 941 (E.D.La.1967).

rate and this rate is usually applied to seamen covered by the contract. At last [sic] one text writer says that 'even if there is no union rate applicable to a particular case, a court may take judicial notice of the amount fixed by union agreements in the area.' Courts have sometimes considered the union contract rate as persuasive of the reasonableness of the sum fixed even when it is not directly applicable, or as admissible evidence in the absence of other proof, or as at least one factor tending to show the reasonable value of maintenance.

"The Court of Appeals for the Fifth Circuit has said that the 'seaman's recovery must be measured by the reasonable cost of that maintenance and cure to which [the plaintiff] is entitled at the time of the trial.' United States v. Robinson, 5th Cir. 1948, 170 F.2d 578. This means the reasonable cost of meals and lodging ashore of a type that the injured seaman would normally require. * * *"

In applying this standard, judicial notice has been taken of certain factors deemed relevant to determining reasonable maintenance in this geographic area. *See* Phillips v. Boatel, Inc., 280 F.Supp. 475, 476, n. 1 (E.D.La.1968); Sylvester v. Offshore Food Service, Inc., 217 So.2d 430, 438 (La.App.1968). The Court has noticed the many union contracts operative in the Eastern District of Louisiana which establish maintenance at $8.00, as well as the frequency with which $8.00 is both stipulated [4] or found[5] to be a reasonable daily maintenance rate in this district. These findings are undisputed and provide all the material facts necessary to determine that $8.00 per day is the appropriate amount of maintenance in this case.

 In view of this finding, a summary judgment increasing the plaintiff's maintenance payments from $6.00

to $8.00 per day would normally be in order. However, at oral argument it was noted that the plaintiff no longer maintains an apartment in New Orleans, the expense apparently being too burdensome during his cure, and is now residing at the home of his family. This change in the plaintiff's living accommodations, which, of course, also affects his eating arrangements, suggests that the plaintiff's family is providing financial assistance to meet his maintenance expenses, and thus calls into question whether the plaintiff is continuing to pay for his own sustenance and incur an out-of-pocket expense therefor; and this he must do if he is to recover maintenance from a shipowner. Marine Drilling, Inc. v. Landry, *supra*. In the affidavit submitted with the motion for summary judgment, however, the plaintiff has given no indication whether he or his family is shouldering the maintenance outlay. He attests only that he was injured, is undergoing medical treatment, and is being paid maintenance at the rate of $6.00 per day. Liberally construing the evidence presented at the hearing in favor of the party opposing the motion and giving him "the benefit of all favorable inferences which might reasonably be drawn from the evidence," as the Court is required to do on a motion for summary judgment, Barron & Holtzoff, Federal Practice and Procedure § 1235, at 139–140 (1958), it is clear that there is insufficient, and possibly controverted, evidence which precludes granting the full relief requested by the plaintiff. The Court cannot grant the motion for summary judgment until convinced by undisputed facts that the plaintiff is paying his family for the cost of his maintenance or that he has "expressed intention" to make payment to them from whatever money he should receive, accompanied by an "expectation" on their part to receive reimbursement. Mc-

---

4. *See, e. g.,* Theriot v. Aetna Casualty & Surety Co., 215 F.Supp. 36 (E.D.La. 1963); Creppel v. J. W. Banta Towing, Inc., 202 F.Supp. 508 (E.D.La.1962).

5. *See, e. g.,* Phillips v. Boatel, Inc., 280 F.Supp. 475 (E.D.La.1968); Sylvester v. Offshore Food Services, Inc., 217 So. 2d 430 (La.App.1968).

Cormick Shipping Corp. v. Duvalier, 311 F.2d 933 (5th Cir. 1963). Only upon this showing can the Court find that the plaintiff is in fact incurring an actual out-of-pocket expense for his maintenance which he is entitled to recover from the defendant shipowner. Clearly, no facts warranting such a finding are before the Court regarding the duration of plaintiff's stay at his family residence.

At this time, therefore, only a partial summary judgment can be entered, awarding maintenance at the rate of $8.00 per day for the time when the plaintiff resided at his apartment in New Orleans. With respect to the subsequent period, the motion is denied, with leave to reassert the motion if the plaintiff can establish by sufficient proof that he is paying or intends to pay his family for the cost of his maintenance.

Finally, no showing having been made that the defendant was "callous" or "recalcitrant" or acted in bad faith in his refusal to increase the plaintiff's maintenance, the plaintiff's claim for attorney's fees is denied. Roberts v. S.S. Argentina, 359 F.2d 430 (2d Cir. 1966); Hudspeth v. Atlantic & Gulf Stevedores, Inc., *supra*.

The Clerk is directed to enter judgment accordingly.