Levi BOSARGE, Sr., in his own behalf,
and in behalf of his minor son, Levi
Bosarge, Jr., Plaintiffs,

v.

TRIPLE T. BOATS, INC.,
Defendant.

Civ. A. No. 74-390-T.

United States District Court,
S. D. Alabama, S. D.

Nov. 24, 1975.

E. Elliott Barker, Mobile, Ala., for plaintiffs.

A. Clay Rankin, III, J. Hodge Alves, III, Mobile, Ala., for defendant.

## ORDER

DANIEL HOLCOMBE THOMAS, Senior District Judge.

This cause came on to be heard on October 17, 1975, on the motion of the plaintiffs for partial summary judgment for maintenance and cure against the defendant, Triple T. Boats, Inc., pursuant to Rule 56 of the Federal Rules of

Civil Procedure. The Court having considered all the pleadings on file, the affidavits of the plaintiffs, Levi Bosarge, Sr., and Levi Bosarge, Jr., and having heard the arguments of counsel finds that there is no genuine issue as to any material fact. However, for the reasons set forth hereinafter, the Court is of the opinion that the plaintiffs are not entitled to a judgment for maintenance and cure as a matter of law, and therefore the motion for partial summary judgment is hereby denied.

This is a seaman's action for damages under the Jones Act, 46 U.S.C. § 688, and under the general maritime law. The complaint's third cause of action seeks maintenance at the rate of $8.00 per day for the period beginning March 1, 1974, and continuing until the minor plaintiff has recovered or until maximum care has been achieved. In its answer the defendant admits that the plaintiff, Levi Bosarge, Jr., a minor, was a seaman employed by the defendant on board the F/V TARA RENITA and that while aboard the vessel the minor plaintiff sustained injuries when he was struck by a piece of chain. As a result of the injuries received on board the vessel, the plaintiff was hospitalized at the Ochsner Hospital in New Orleans, Louisiana, and then transferred and hospitalized in the Mobile General Hospital. Subsequently, on March 15, 1974, plaintiff was transferred to the home of his parents in Bayou La Batre, Alabama.

On June 5, 1975, the plaintiff filed two affidavits in open court. The affidavit of the plaintiff, Levi Bosarge, Sr., states that his son promised after his injury that he would make payments to his parents, from whatever money he should receive, for maintaining the injured plaintiff.[1] The affiant also expressed his expectation of payment by their son for the support that the minor received from his parents. The second affidavit submitted by the minor plaintiff states that the minor promised to reimburse his parents for their support while he was unable to work.[2]

On the basis of the foregoing facts, the Court makes the following Conclusions of Law:

1. The Court has jurisdiction over this matter based upon its admiralty and maritime jurisdiction. 28 U.S.C. § 1333.

2. The minor plaintiff herein seeks maintenance and cure for injuries which he sustained as a seaman in the service of the defendant's vessel.

3. Without a lengthy discussion of the historical purpose of maintenance and cure and of the duty of the shipowner to provide for the seaman's needs, suffice it to state that as a general rule, a seaman cannot recover maintenance and cure during a period in which the seaman has incurred no expense or liability for his care and support. *Johnson v. United States,* 333 U.S. 46, 68 S. Ct. 391, 92 L.Ed. 468 (1948); *Marine*

---

1. The affidavit of Levi Bosarge, Sr. reads: "My name is Levi Bosarge, Sr. and I am the father of Levi Bosarge, Jr. My son, Levi Bosarge, Jr. became eighteen (18) years of age in January of this year and has for some time before his eighteenth (18) birthday been self-supporting and in fact has contributed and helped with the support of his mother and I while living in our home. At the time of his injury in March of 1974, he was living in our home but was contributing to his own support as well as to the upkeep of our household. After he was injured and unable to work he promised me that he would pay me or make up the money that he was unable to contribute after he received some money from his lawsuit. As he had

been supporting himself before his injury and as I am unable to afford to support him now, I fully expect to be paid as he agreed to do." (Pl. Ex. 1) References preceded by "Pl. Ex." are to the exhibits admitted into evidence by the plaintiff during arguments heard by the Court on June 5, 1975.

2. Pl. Ex. 2 reads: "My name is Levi Bosarge, Jr. and I have been supporting myself since before the accident and in fact have been contributing to the support and care of my parents at their home. After I was injured in March of 1974 I agreed with or promised my parents that I would pay them back for my support while I was unable to work."

*Drilling, Inc. v. Landry,* 302 F.2d 127, 128 (5th Cir. 1962); *Martinez v. Star Fish and Oyster Co.,* 386 F.Supp. 560, 563 (S.D.Ala.1974). This fundamental rule supports the denial of maintenance and cure to a minor seaman who lives at home with his parents and incurs no actual expense or liability for his care and support. *Johnson v. United States, supra; Field v. Waterman S. S. Corp.,* 104 F.2d 849, 851 (5th Cir. 1939). A contrary view asserted by the plaintiffs holds that a seaman may recover maintenance for support furnished by a seaman's parents or relatives even though the seaman has not incurred out-of-pocket expenses. *McCormick Shipping Corp. v. Duvalier,* 311 F.2d 933 (5th Cir. 1963); *Duplantis v. Williams-Mc-Williams Industries, Inc.,* 298 F.Supp. 13 (E.D.La.1969); *Brinkman v. Oil Transfer Corp.,* 300 N.Y. 48, 88 N.E.2d 817 (1949). The Court is of the opinion that the prevailing view is that a seaman who has not paid for his own expenses, whether that seaman be a minor residing at the home of his parents or otherwise cannot recover maintenance from the shipowner. *Marine Drilling, Inc. v. Landry,* 302 F.2d 127, 128 (5th Cir. 1962); *Field v. Waterman S. S. Corp., supra.* Therefore, in order for the minor seaman to recover for maintenance and cure he must show proof of expenses incurred or obligations created during the period that he resides with his parents. *Johnson v. United States, supra; Dodd v. The M/V Peggy G,* 149 F.Supp. 823, 824 (S.D.Ala.1957); 2 Norris, The Law of Seaman § 573. In the instant case, there is no written evidence which documents that the minor plaintiff has incurred out-of-pocket expenses or made payments to his parents.[3] Accordingly, the Court finds that there is insufficient evidence to support the finding that the minor plaintiff has incurred any expense or liability for his care and support.

■■ 4. In support of said motion the plaintiffs have submitted affidavits wherein the minor plaintiff has "expressed his intention" to make payments to his parents from whatever money he should receive and there is an "expectation" on the part of the seaman's parents to be reimbursed. (See Pl. Ex. 1, 2.) The plaintiffs assert that these affidavits satisfy the requirements set out in *Duplantis v. Williams-McWilliams,* 298 F.Supp. 13, 16–17 (E.D.La.1969) wherein the court stated:

"The Court cannot grant the motion for summary judgment until convinced by undisputed facts that the plaintiff is paying his family for the cost of his maintenance or that he has 'expressed intention' to make payment to them from whatever money he should receive, accompanied by an 'expectation' on their part to receive reimbursement. *McCormick Shipping Corp. v. Duvalier,* 311 F.2d 933 (5th Cir. 1963)."

The plaintiffs primarily rely on *McCormick Shipping Corp. v. Duvalier, supra,* for the proposition that the expressed intention of the minor seaman to make payments to his parents and the expectation of his parents to receive payment are sufficient for the Court to award the plaintiff maintenance and cure. However, *McCormick* is clearly distinguishable from the case at bar in that in the former, the female seaman received an injury while in the service of the defendant shipowner and later went to the home of a cousin where she stayed for several months while convalescing. At trial, the cousin testified that the seaman had promised to give her something and she expected something. In allowing recovery for maintenance the Fifth Circuit stated:

---

3. In answering interrogatories propounded by the defendant, the minor plaintiff claims to have paid his parents for room and board for three years prior to his injury in March 1974. However, the plaintiff admits that he does not recall the exact amounts or dates of any payment. The plaintiff further admits that there is no deposit records of any kind indicating payment in cash or check of any transaction between the plaintiff and his parents. (Defendant's Interrogatories Nos. 11, 11a, 11(b), 11(d), 13(a).

"there was an expressed intention of the appellee to make payment and an expectation of her cousin to receive it. There was no intention on the part of either the appellee or her cousin that the one should be an object of charity of the other. . . ."[4]

The Court is of the opinion that *McCormick* should not be extended to a parent child relationship. In the instant case, the minor plaintiff has always resided at the home of his parents. Since a minor is under no legal liability to his parents for the expenses that he may incur, the Court is unwilling to create an obligation of this kind. Notwithstanding the affidavits submitted into court by the plaintiffs, the Court, though not questioning sincere intentions, is of the opinion that the mere promise to pay and the expectation of being reimbursed made eleven months after the minor plaintiff sustained his injuries is insufficient proof to support the finding that the minor is paying or intends to pay his parents for the cost of his maintenance and cure.

It is therefore Ordered, Adjudged and Decreed that the plaintiffs' motion for partial summary judgment is hereby Denied.

---

4. *McCormick Shipping Corp. v. Duvalier*, 311 F.2d 933, 934 (5th Cir. 1963).