**Manuel Darrell CARLINE**

v.

**CAPITAL MARINE SUPPLY, INC. et al.**

Civ. A. No. 77–3422.

United States District Court, E. D. Louisiana.

March 1, 1979.

James A. Wysocki of Windhorst, Heisler, deLaup & Wysocki, New Orleans, La., for plaintiff.

Janes H. Daigle, David A. Olson, of Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, La. Counsel for defendants Capital Marine Supply, Inc. and Federal Insurance Co.

## REASONS FOR RULING

CHARLES SCHWARTZ, District Judge.

Plaintiff, Manuel Carline, filed a Motion for Preliminary Injunction, seeking to compel defendant, Capital Marine Supply, Inc. to pay maintenance and cure to him at a rate in excess of $8.00 per day, the rate at which defendant is presently paying maintenance and cure. Following oral argument on the motion, the court denied injunctive relief and now assigns these reasons for ruling.

Plaintiff has proposed several alternative bases for determining the proper amount of maintenance and cure to be paid, including the rate set by various union contracts, the amounts awarded under the Louisiana Workmen's Compensation Law, and the amounts awarded in other cases by admiralty courts. In addition, plaintiff has submitted an expert economist's opinion concerning the proper adjustment for the effects of inflation to be made to the $8.00 per day maintenance and cure rate recognized by many courts. Adoption by the court of any of these various methods of computation advanced by plaintiff would result in an award of maintenance and cure in excess of $8.00 per day.

Plaintiff argues initially that injunctive relief at this stage of the proceedings is analogous to the procedure adopted by the United States District Court for the Middle District of Florida and approved by the Fifth Circuit in *Marshall v. Sundial Associates, Ltd.*, 588 F.2d 120 (5th Cir. 1979). Plaintiff's reliance on *Marshall*, however, is misplaced. That case involved a claim to enforce minimum wage, overtime, and record keeping requirements of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* A part of that act, 29 U.S.C. § 217, *specifically authorizes* district courts to restrain violations of the Fair Labor Standards Act, including the withholding of payment of minimum wages found by the court to be payable to the complaining employee. In the present case, plaintiff is unable to point this court to a specific statutory grant of authority for a federal district court to issue a mandatory injunction with respect to maintenance and cure.

■ As a further basis for distinguishing *Marshall* from the present case, it should be noted that once the court in a Fair Labor Standards Act determines that an employee is entitled to payment of statutory minimum wages, there is no fact question regarding the rate at which such wages should be paid. That rate is fixed by law. However, in an admiralty case in which maintenance and cure is sought, even if the defendant concedes that maintenance and cure is payable, the amount of maintenance and cure is a fact question to be determined based upon the needs of each individual plaintiff. *See United States v. Robinson,* 170 F.2d 578, 582 (5th Cir. 1948); *Robinson v. Plimsoll Marine, Inc.,* 460 F.Supp. 949 (E.D.La.1978); *Duplantis v. Williams-McWilliams Industries, Inc.,* 298 F.Supp. 13 (E.D.La.1969); *Phillips v. Boatel, Inc.,* 280 F.Supp. 475 (E.D.La.1968); *Hudspeth v. Atlantic & Gulf Stevedores,* 266 F.Supp. 937, 944 (E.D.La.1967). It should be noted that defendant in this case does not concede that plaintiff is entitled to an award of maintenance and cure. Defendant contends that plaintiff's needs are being supplied by his family, without any agreement by plaintiff as to reimbursement of funds advanced.

■ Turning to the requirements for the granting of a preliminary injunction, the applicant for injunctive relief must demon-

strate, among other factors, that irreparable harm will follow unless injunctive relief is granted. The court finds that plaintiff has failed to meet this burden. Plaintiff is praying for a money judgment, including appropriate amounts for maintenance and cure. In addition, in the event it is determined that defendant refused to pay maintenance and cure, that such refusal was arbitrary and unreasonable, and that plaintiff suffered damages as a result thereof, then plaintiff is entitled to damages, including reasonable attorney's fees. *Vaughan v. Atkinson,* 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962); *Blanchard v. Cheramie,* 485 F.2d 328 (5th Cir. 1973). When an applicant has an adequate remedy in the form of a money judgment, the threatened harm is not irreparable so as to make injunctive relief appropriate.

For the foregoing reasons, the plaintiff's Motion for Preliminary Injunction was DENIED, reserving to plaintiff the right to move for a severance of the claim for maintenance and cure from the other issues of the lawsuit and for an expedited hearing on the claim if so severed.