Max MOREL

v.

SABINE TOWING & TRANSPORTATION COMPANY

Civ. A. No. B-79-602-CA.

United States District Court,
E. D. Texas,
Beaumont Division.

Feb. 23, 1981.

Walter Umphrey, of Provost, Umphrey, Doyle & McPherson, Port Arthur, Tex., for plaintiff.

Charles W. Kelly, of Ross, Griggs & Harrison, Houston, Tex., for defendant.

MEMORANDUM OPINION AND ORDER

ROBERT M. PARKER, District Judge.

This is a case of admiralty and maritime jurisdiction brought in the Eastern District

of Texas, Beaumont Division, by the Plaintiff seaman, Max Morel, to recover from the Defendant employer, Sabine Towing and Transportation Company, Inc., damages for personal injuries.

On April 3, 1979, Plaintiff was working as a seaman aboard the "S.S. SAN MARCOS," owned and operated by the Defendant. At the time of the injury, Plaintiff was engaged in changing the vessel's reducer. Plaintiff sustained injuries to his hand during the operation. Immediately after the accident, Plaintiff sought medical care aboard the ship, but such care was unavailable. Plaintiff bandaged his hand with a rag. Plaintiff sought medical care upon his return home and had surgery 15 months after the injury. As a result of the injury and despite surgery, Plaintiff still feels pain and numbness in his hand and has experienced permanent loss of motion in the joints of his index finger.

Plaintiff contends that his injuries were proximately caused by the unseaworthiness of the vessel and the negligence of the Defendant through acts of its agents. The Defendant denies both claims and asserts the defense of contributory negligence.

█ The Court finds that the Defendant's vessel lacked adequate personnel and medical care, rendering such vessel unseaworthy. The Court further finds that Defendant was negligent through the acts of its agents and that Plaintiff himself was 25% contributorily negligent. With these findings, there is one issue remaining, that being the amount of damages to which Plaintiff is entitled. Specifically, the Court directs its attention to the question of the per diem rate of maintenance.

█ It is a well-established rule of maritime law that a seaman injured in the scope of his employment is entitled to recover "maintenance" from his employer or the shipowner. *Caulfield v. AC & D Marine, Inc.*, 633 F.2d 1129 (5th Cir. 1981). "Maintenance" includes the reasonable costs the seaman incurs in acquiring food and

lodging ashore during the period of his illness or disability. *Id.*, at 1131. Though the amount of maintenance to which an injured seaman is entitled is a question of fact, *United States v. Robinson*, 170 F.2d 578 (5th Cir. 1948), the rate tends to reflect the costs of food and lodging in a particular area. *Caulfield v. AC & D Marine, Inc., supra*, 1132. The customary rate in the Fifth Circuit has long been $8.00 per day. *Id.*; See *Solet v. M/V Capt. H. V. Dufrene*, 303 F.Supp. 980 (E.D.La.1969); *Davis v. Associated Pipe Line Contractors*, 305 F.Supp. 1345 (W.D.La.1968), affirmed, 418 F.2d 920 (5th Cir. 1969), cert. denied, 397 U.S. 988, 90 S.Ct. 1119, 25 L.Ed.2d 396 (1970); *Phillips v. Boatel, Inc.*, 280 F.Supp. 475 (E.D.La.1968).

In *Duplantis v. Williams-McWilliams Industries, Inc.*, 298 F.Supp. 13 (E.D.La.1969), the district court, in determining the rate of maintenance for injured seamen, noted the many union contracts operative in the Eastern District of Louisiana which established maintenance at $8.00 per day, as well as the frequency with which $8.00 is stipulated by the parties as being a reasonable daily maintenance rate in such district. See *Theriot v. Aetna Casualty and Surety Company*, 215 F.Supp. 36 (E.D.La.1963); *Creppel v. J. W. Banta Towing, Inc.*, 202 F.Supp. 508 (E.D.La.1962). Yet, one year earlier, in 1968, a district court in the same district of Louisiana awarded maintenance at the rate of $6.00 per day. *Richardson v. St. Charles-St. John the Baptist Bridge and Ferry Authority*, 284 F.Supp. 709 (E.D.La.1968). In 1963, a district court in the Western District of Louisiana awarded maintenance at the rate of only $5.00 per day, finding such rate to be the "reasonable cost of board and lodging." *Theall v. Sam Carline, Inc.*, 241 F.Supp. 748 (W.D.La.1963). It is obvious that, through the years, the "reasonable cost of board and lodging" has increased with the times. This observation was first made in the Fifth Circuit by the Court in *Robinson v. Plimsoll Marine, Inc.*, 460 F.Supp. 949 (E.D.La.1978). In such case, Plaintiff's expert witness presented testimony as to the effects of inflation on expenditures for restaurant food and housing since August 1969. His conclusion was that

an estimate of the present costs of meals and lodging that cost $8.00 in August 1969 was between $14.50 and $15.00 per day in 1978. Persuaded by the expert's testimony, the Court awarded maintenance at the rate of $15.00 per day.

Last month, in *Caulfield v. AC & D Marine, Inc., supra,* the Fifth Circuit affirmed an award of maintenance at the rate of $15.00 per day. The Court noted that, though the Plaintiff had not presented expert testimony as in the *Robinson* case, the Plaintiff seaman's own testimony as to his expenses was competent, probative evidence of the amount of maintenance due. The Court further noted that the Defendant had not offered any evidence that such figures were unreasonable or inaccurate estimates of the costs of subsistence in that area.

█ In the instant case, Plaintiff offered evidence that his expenses were approximately $25.00 per day. The Defendant offered no evidence disputing such figures other than to say that the customary rate of maintenance was only $8.00 per day.

The Court has found no Texas cases in point. Thus, the Court must rely on the cases previously cited from the Louisiana area. It is highly doubtful that maintenance expenditures in Texas are significantly different from such expenditures in Louisiana; however, it is the opinion of the Court that the rate of $15.00 per day is most conservative.

Just as there is great disparity between rates of maintenance in 1969 and such rates in 1978, it is common knowledge that expenses have continued to rise for the past two years. Courts cannot ignore the reality of increased prices.

The Supreme Court has long recognized the importance of the remedies to the injured seaman, *Caulfield v. AC & D Marine, Inc., supra;* See *The Osceola,* 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760 (1903). In *Vaughan v. Atkinson,* 369 U.S. 527, 82 S.Ct.

997, 8 L.Ed.2d 88 (1962), the Supreme Court declared that "when there are ambiguities or doubts, they are resolved in favor of the seaman."

In the case at hand, there is no reason to doubt that the seaman's testimony as to his expenses are incorrect. In the words of the Fifth Circuit, such testimony is "competent, probative evidence." As in the *Caulfield* case, such evidence is undisputed by the Defendant. The Court finds the reasonable rate to be awarded as maintenance is $20.00 per day. A seaman is entitled to maintenance until the point of maximum cure has been reached. *Pelotto v. L & N Towing Co.,* 604 F.2d 396 (5th Cir. 1979). The evidence is undisputed that the period of entitlement in the instant case is sixty-six (66) days. Plaintiff is, thus, entitled to maintenance of One Thousand Three Hundred Twenty and 00/100 Dollars ($1,320.00).

The Court finds that the amount of Eight Thousand and 00/100 Dollars ($8,000.00) will fairly and reasonably compensate the Plaintiff for his injuries and damages. The Court finds Plaintiff to be twenty-five percent (25%) contributorily negligent. Judgment will be entered awarding Plaintiff Six Thousand and 00/100 Dollars ($6,000.00) damages, plus One Thousand Three Hundred Twenty and 00/100 Dollars ($1,320.00) maintenance. Interest is assessed at the legal rate of Nine (9%) percent per annum on such amount from this date until judgment is paid. Costs are taxed against the Defendant.