Vernon Gene BAUM and Pamela Baum

v.

TRANSWORLD DRILLING COMPANY.

Civ. A. No. 82–2927.

United States District Court,
W.D. Louisiana,
Alexandria Division.

July 11, 1985.

Broussard, Bolton & Halcomb, Roy S. Halcomb, Jr., Alexandria, La., for plaintiffs.

Deutsch, Kerrigan & Stiles, Bert M. Cass, Jr., New Orleans, La., for defendant.

## OPINION

NAUMAN S. SCOTT, District Judge.

■ The Jones Act negligence and unseaworthiness claims were decided by jury on May 2, 1985. Although the jury awarded prejudgment interest at the rate of 1% to Vernon Gene Baum (Baum), the jury did not find that Rig No. 70, owned by Transworld Drilling Company (Transworld), was unseaworthy. Therefore, prejudgment interest cannot be awarded in this case. The issue now before the Court is: What amounts for maintenance and cure is Baum entitled to?

### FINDINGS OF FACT

The Interrogatories answered by the jury revealed that they found that Baum's back injury was suffered while he was in the service of Transworld Rig No. 70. We defer to that finding of fact.

The undisputed testimony of Dr. Gamburg was that the plaintiff reached maximum medical cure on August 23, 1982, 248 days after December 18, 1981, the date of injury.

The parties have stipulated to the rate of maintenance at $20 per day for the plaintiff's back injury. We find that the total maintenance due for the back injury, absent any set off, is $4,960.

Medical bills, incurred as a result of Baum's back injury, which have not been

paid by Transworld, are due as cure, absent any set off, in the amount of $4,708.46.

It was stipulated by counsel for both parties that the groin injury did occur while the plaintiff was in the service of Transworld Rig No. 59.

We find that the plaintiff has received full maintenance and cure for the groin injury.

Baum has received $9,360 in income protection insurance benefits. In purchasing this protection, 50% of the premiums were paid by Baum and 50% of the premiums were paid by Transworld. Baum also has received the benefit of $2,906.75 in medical payments under a group health protection plan. Baum paid 49% of the premiums on this health protection plan and Transworld paid 51% of the premiums on the same plan.

### CONCLUSIONS OF LAW

■ Maintenance and cure is not based in tort. *Adams v. Texaco, Inc.*, 640 F.2d 618, 620 (5th Cir.1981). Therefore, the collateral source rule in tort is not strictly applied to maintenance and cure claims. *Gauthier v. Crosby Marine Service, Inc.*, 752 F.2d 1085, 1089 (5th Cir.1985).

■ Where a seaman has alone purchased medical insurance, there will not be a set off on the maintenance and cure obligation for the benefits received from the insurance. *Gauthier, supra*, at p. 1090. However, to the extent that the seaman incurs no expenses, the shipowner should be entitled to a set off for that portion of the insurance benefits which are furnished at no expense to the seaman. "The general rule is that the vessel owner has no obligation to provide maintenance and cure if it is furnished by others at *no expense* to the seaman. *Vaughn v. Atkinson*, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962); *Marine Drilling, Inc. v. Landry*, 302 F.2d 127, 128 (5th Cir.1962); *Field v. Waterman Steamship Corp.*, 104 F.2d 849 (5th Cir.1939)." *Gauthier v. Crosby Marine Service, Inc.*, 536 F.Supp. 269 (E.D. La.1982); *aff'd* 752 F.2d 1085 (5th Cir. 1985). (Emphasis ours).

■ We find that the portion of insurance purchased by Transworld reduced the amount of expenses that were incurred by Baum and to that extent Transworld is entitled to a set off on its maintenance and cure obligation.

Accordingly, we find that of the $9,360 received by Baum in income protection insurance, 50% of which was purchased by Transworld, Transworld is entitled to a set off of $4,680 towards satisfaction of its maintenance obligation on Baum's back injury. The net sum due to Baum for maintenance is $280.

We also find that of the $2,906.75 in medical expenses paid by the group health insurance, 51% of which was purchased by Transworld, Transworld is entitled to a set off of $1,482.45 towards satisfaction of its cure obligation on Baum's back injury. The net sum due to Baum for cure is $3,226.01.

A judgment shall be submitted to this Court in accordance with this Opinion and with the jury's findings within ten (10) days of the signed date.