Richard TATE, Plaintiff–Appellant,

v.

AMERICAN TUGS, INC. and Underwriters at Lloyd's of London, Defendants–Appellees.

No. 80–3462
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Jan. 20, 1981.

James A. Wysocki, New Orleans, La., for plaintiff–appellant.

Phelps, Dunbar, Marks, Claverie & Sims, Carl J. Hebert, New Orleans, La., for defendants–appellees.

Before GEE, RUBIN and RANDALL, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

This appeal presents the novel question whether an injured seaman may have the amount being paid to him for maintenance increased by a preliminary injunction compelling his employer to pay him a higher daily rate. The originality of the issue does not imply difficulty in its solution. We affirm the trial judge's denial of injunctive relief.

In January, 1980, Richard Tate filed an action combining a negligence claim under the Jones Act, 46 U.S.C. § 688, with an unseaworthiness claim and a claim for maintenance and cure under the general maritime law. His employer had, since the time of the injury, made payments of maintenance at the daily rate of $8.00. Payments were resumed at the same rate after suit was filed. In May, Tate requested the court to issue a preliminary injunction restraining the employer from withholding payments of maintenance at a rate in excess of $8.00. If effect, he sought to have the court order an increase in the daily rate of maintenance payments.

An indispensable prerequisite to issuance of a preliminary injunction is prevention of irreparable injury. *Van Arsdel v. Texas A&M University*, 628 F.2d 344, 346 (5th Cir. 1980); *Harris v. Wilters*, 596 F.2d 678, 680 (5th Cir. 1979); *Henry v. First*

*National Bank of Clarksdale*, 595 F.2d 291, 302 (5th Cir. 1979), *cert. denied sub nom.*, 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980); *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "Only in rare instances is the issuance of a mandatory preliminary injunction proper." *Harris v. Wilters*, 596 F.2d at 680. We examine this claim to determine whether the irreparable injury requirement is satisfied.

The right of an injured seaman to maintenance is a form of compensation that arises out of the contract of employment. *Vaughan v. Atkinson*, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962); *Calmar S.S. Corp. v. Taylor*, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993 (1938); *Cortes v. Baltimore Insular Line*, 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368 (1932). The policy supporting the shipowner's duty to provide maintenance and cure and the history of this ancient right of the seaman have been often recounted. *Vella v. Ford Motor Co.*, 421 U.S. 1, 95 S.Ct. 1381, 43 L.Ed.2d 682 (1975); *Aguilar v. Standard Oil Co.*, 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107 (1943). *See also* 2 M. Norris, The Law of Seamen, §§ 538–40 (3d ed. 1970); G. Gilmore and C. Black, The Law of Admiralty, 281–82 (2d ed. 1975). The shipowner is required to furnish the seaman with food and lodging of the kind and quality he would have received had he been able to continue working aboard ship. *Calmar S.S. Corp. v. Taylor*, 303 U.S at 528, 58 S.Ct. at 653, 82 L.Ed. at 996. If the owner does not furnish it in kind, he must pay a daily stipend for the seaman's subsistence. *Pelotto v. L&N Towing Co.*, 604 F.2d 396, 400 (5th Cir. 1979) (maintenance is a per diem living allowance).

Because the payment is to provide food and lodging comparable to the quality afforded aboard the vessel, the amount necessary may vary depending both on what was furnished on the ship and the cost of equivalents in the port where the seaman must fend for himself. Thus, determination of the proper amount is a factual question, to be decided on evidence presented to the trial court. *Caulfield v. AC&D Marine, Inc.*, 633 F.2d 1129, at 1132 (5th Cir.

1981); *United States v. Robinson,* 170 F.2d 578 (5th Cir. 1943), *cert. denied,* 339 U.S. 923, 70 S.Ct. 611, 94 L.Ed. 1345 (1950); *Billiot v. Toups Marine Transport, Inc.,* 465 F.Supp. 1265 (E.D. La. 1979) (denying preliminary injunction to increase maintenance payments); *Carline v. Capital Marine Supply, Inc.,* 81 F.R.D. 710 (E.D. La. 1979) (denying preliminary injunction to increase maintenance payments); *Robinson v. Plimsoll Marine, Inc.,* 460 F.Supp. 949 (E.D. La. 1978); *Duplantis v. Williams–McWilliams Industries, Inc.,* 298 F.Supp. 13 (E.D. La. 1969); *Phillips v. Boatel, Inc.,* 280 F.Supp. 475 (E.D. La. 1968); *Hudspeth v. Atlantic & Gulf Stevedores, Inc.,* 266 F.Supp. 937 (E.D. La. 1967).

 While the seaman has the right, which he here chose to exercise, to join his claim for maintenance and the other general maritime law claims with his Jones Act claim, *Romero v. International Terminal Operating Co.,* 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959), and obtain a jury trial of all of these claims, *Fitzgerald v. United States Lines,* 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963), he is not obligated to do so. *Pelotto v. L&N Towing Co.,* 604 F.2d 396 (5th Cir. 1979). Indeed he may either sue separately for maintenance and cure, *Pelotto v. L&N Towing Co.,* 604 F.2d 396, 402 (5th Cir. 1979), *see Pacific S.S. Co. v. Peterson,* 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed.2d 220 (1928), or, having filed one suit, ask for severance of the maintenance claim and an expedited trial of it by the court. *Caulfield v. AC&D Marine, Inc.,* 633 F.2d 1129, at 1133 (5th Cir. 1981).

The seaman contends that he may suffer irreparable injury from inadequate maintenance: he may have inadequate food, he may suffer disease and his health may be irreparably damaged. The vessel owner contends that money damage is adequate recompense for failure to pay money. In an extreme case, where the seaman is destitute and his employer refuses to pay anything, there might be some basis for the argument. That situation is not here presented; payments of $8.00 are being made, the seaman's suit is already filed and he pleads no desperate urgency. We, there-fore, need not decide that injunctive relief would never be available. In the present case, such injury to Mr. Tate as might be threatened can readily be averted by a remedy that awaits his call: separate trial of his maintenance claim. Such a trial would accord both parties a full hearing on the evidence instead of the summary presentation inevitably required in considering the issuance of a preliminary injunction. Because another speedy remedy is available, an injunction is not necessary to prevent irreparable harm. "Often times the concepts of 'irreparable injury' and 'no adequate remedy at law' are indistinguishable." *Lewis v. S.S. Baune,* 534 F.2d at 1124.

The solution to the seaman's problem is in his own hands. He may have a prompt trial of the maintenance claim by the court if he chooses. He may elect to have a jury trial of that claim when his Jones Act claim is heard. But he may not have the benefit of all his desires: equitable hearing of a claim for increased maintenance and a later jury trial of substantially the same question.

For these reasons, the judgment of the District Court is AFFIRMED.