**BEAR CREEK WATER ASSOCIATION, INC., Plaintiff,**

v.

**CITY OF CANTON, et al., Defendants.**

**Civ. A. No. J84–0752(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

March 8, 1985.

James H. Herring, Herring & Self, Canton, Miss., L.A. Smith, III, Asst. U.S. Atty., Jackson, Miss., for HUD, Roland and U.S.

John H. Holloman, III, Watkins Ludlam & Stennis, Jackson, Miss., for Levi Strauss.

C.R. Montgomery, Montgomery, Smith-Vaniz McGraw & Ellington, Canton, Miss., for City of Canton, Runnels, Nichols, Wallace, Williams, Kraft, Harrell and Mosby, N. American Plastics, Indus. Development, Weems and Esco.

Gary S. Stringer, James S. Pounds, Jackson, Miss., for Miss. Tax Com'n and A.C. Lambert.

C. Delbert Hosemann, Jr., Magruder, Montgomery, Brocato & Hosemann, Jackson, Miss., for DeBeukelaer.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This action is before the court on the motion of certain defendants to dismiss and the motion of the plaintiff for a preliminary injunction. After considering the memoranda with attachments submitted by the parties and hearing argument, this court is of the opinion that both motions should be denied.

The plaintiff, Bear Creek Water Association, Inc., a private utility company and non-profit corporation created pursuant to the laws of the State of Mississippi, was granted a certificate of public convenience and necessity by the Mississippi Public Service Commission on June 28, 1971. The certificate vested plaintiff with, *inter alia*, the exclusive right to provide water service in a defined area in Madison County, Mississippi. In 1980, the City of Canton (City), one of the defendants in this action,[1] applied to the United States Department of Housing and Urban Development for a grant to construct facilities providing water to businesses in an industrial park being developed by the City. In the application, the City stated that no entity was certificated to provide water services in the area and that the City had authority to do so. Defendant John M. Wallace, President of Industrial Development Authority of Madison County, Mississippi, stated by affidavit that the existence of plaintiff's certificate was not revealed by a search of the public records of the county. Wallace admitted that the plaintiff's water line was located during construction of the City's facilities. The application was granted and after completion of the project, the City began to provide water to Levi-Strauss & Co., one of the defendants and an occupant of the City's industrial park.[2]

On June 24, 1980, representatives of the plaintiff and defendants met and discussed the problems they were encountering. The City asserts that the plaintiff agreed to transfer its certificate to the City at a future date and plaintiff disputes this contention.

Plaintiff initiated this suit on October 24, 1984, seeking a determination that the de-

[1] Also named as defendants in the second amended complaint were: Levi Strauss & Co.; The United States Department of Housing and Urban Development; James S. Roland, in his capacity as Director of the Mississippi Office of The United States Housing and Urban Development; North American Plastics, Inc.; Mississippi State Tax Commission; A.C. Lambert in his capacity as Chairman of the Mississippi State Tax Commission; De Beukelaer, Inc.; The Industrial Development Authority of Madison County, Mississippi; John M. Wallace in his capacity as President of the Industrial Development Authority of Madison County, Mississippi; and the following officers and agents of the City of Canton, in their official capacities only: Sidney Runnels, Mayor; George Nichols; Jewel Williams; Gus Kraft; H.T. Harreld; Bill M. Mosby; Charles Weems and Fred Esco, Aldermen.

The United States, through the Farmers Home Administration, has moved to intervene in this action but the court has not ruled on the motion.

Unless otherwise noted, any reference to "defendants" in this opinion is limited to the defendants involved in the motion to dismiss and the motion for preliminary injunction, to-wit, the City of Canton, Mississippi, its Mayor and Board of Aldermen, the Industrial Development Authority of Madison County, Mississippi and John M. Wallace.

[2] The defendants also provide water service to other occupants of the park.

fendants have deprived the plaintiff of its property without due process of law and have denied it equal protection of the law; an accounting of all facilities installed in the plaintiff's certificated area and the amount of payments paid, received or placed in escrow therefor; compensatory and punitive damages; a permanent injunction prohibiting the City from providing water service to plaintiff's exclusive service area; and transfer of the City's right, title and interest in the facilities constructed under the federal grant. On January 22, 1985, the defendants petitioned the Mississippi Public Service Commission to cancel the plaintiff's certificate and grant a certificate to those defendants.

■ In their motion to dismiss, defendants urge this court to "abstain from exercising its subject-matter jurisdiction over plaintiff's cause of action[3] and to dismiss said cause of action without prejudice." The doctrine of abstention is a limited exception to the "duty of a District Court to adjudicate a controversy properly before it." *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). According to the defendants, the instant case is similar to the one before the Court in *Burford v. Sun Oil Company,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), wherein the plaintiff sought federal court review of a drilling permit issued by the Texas Railroad Commission. The case "clearly involve[d] basic problems of Texas policy," 319 U.S. at 332, 63 S.Ct. at 1106, and interference by federal courts "would have had an impermissibly disruptive effect on state policy for the management of those [oil] fields" *Colorado River,* 424 U.S. at 815, 96 S.Ct. at 1245.

The plaintiff's complaint in this case clearly pertains to the regulation of public utilities, an important state issue. It cannot be said, however, that this court would "impair impermissively" the implementation of state policy by exercising its jurisdiction. *See Colorado River,* 424 U.S. at 816, 96 S.Ct. at 1245. Bear Creek seeks relief in this court which is not available in proceedings before the Mississippi Public Service Commission. Furthermore, at this juncture, it does not appear that a resolution by this court will interfere with the ability of the Mississippi Public Service Commission to discharge its statutory duties. For these reasons, it is the court's opinion that the defendants' motion to dismiss should be denied.

■ The defendants argue that this court is barred from granting the plaintiff's motion for a preliminary injunction because of the Anti-Injunction Act, 28 .S.C. § 2283, which provides: "A court of the United States may not grant an injunction to stay proceedings in a State court[4] except as expressly authorized by Act of Congress, or when necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The statute was designed to prevent unnecessary friction ensuing from a struggle for control between state and federal court systems. *See Oklahoma Packing Company v. Oklahoma Gas & Electric Company,* 309 U.S. 4, 9, 60 S.Ct. 215, 218, 84 L.Ed. 447 (1940). The Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atlantic Coastline Railroad Company v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 286, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970). Because the Act concerns the sensitive balance of a dual court system, it is to be strictly construed. *Atlantic Coast,* 398 U.S. at 286, 90 S.Ct. at 1743. *See also Vendo Company v. Lektro-vend Corporation,* 433 U.S. 623, 630–31, 97 S.Ct. 2881, 2887–88, 53 L.Ed.2d 1009 (1977); *Mitchum v. Foster,* 407 U.S. 225, 229, 92 S.Ct. 2151, 2155, 32 L.Ed.2d 705 (1972); *Amalgamated Clothing Workers*

---

**3.** In their rebuttal brief, defendants assert that they do not intend to waive their rights to challenge this court's jurisdiction at a later time.

**4.** This court does not determine whether the action pending before the Mississippi Public Service Commission is a proceeding in a state court since the Anti-Injunction Act is clearly inapplicable on other grounds.

v. *Richmond Brothers,* 348 U.S. 511, 516, 75 S.Ct. 452, 455, 99 L.Ed. 600 (1955); *Piambino v. Bailey,* 610 F.2d 1306, 1331 (5th Cir.) *cert. denied,* 449 U.S. 1011, 101 S.Ct. 568, 66 L.Ed.2d 469 (1980); *Carter v. Ogden Corporation,* 524 F.2d 74, 76 (5th Cir. 1975); *International Association of Machinists and Aerospace Workers v. Nix,* 512 F.2d 125, 129 (5th Cir.1975).

In *Mitchum v. Foster,* 407 U.S. 225, 243, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 (1972), the United States Supreme Court held that 42 U.S.C. § 1983 is within the "expressly authorized" exception of the Anti-Injunction Act. The Court examined the legislative history of § 1983 and found it "clear ... that the act was intended to enforce the provisions of the Fourteenth Amendment 'against state action, ... whether that action be executive, legislative or *judicial.'* " *Mitchum,* 407 U.S. at 240, 92 S.Ct. at 2161, *quoting Ex Parte Reginia,* 100 U.S. 339, 346, 25 L.Ed. 676 (1880) (emphasis supplied by *Mitchum* Court). To that end, Congress authorized the enjoining of state court proceedings by a federal court in a "suit in equity" brought pursuant to 42 U.S.C. § 1983. *See Mitchum,* 407 U.S. at 242, 92 S.Ct. at 2162. In its second amended complaint, plaintiff has arguably stated a cause of action arising under 42 U.S.C. § 1983. Accordingly, the Anti-Injunction Act is not a bar to this court's power to issue the requested injunction.[5]

The criteria for the issuance of a preliminary injunction are well settled in the Fifth Circuit. The moving party must demonstrate:

1. A substantial likelihood that the movant will prevail on the merits;

2. A substantial threat that the movant will suffer irreparable injury if the injunction is not granted;

3. That the threatened injury to the movant outweighs the threatened harm the injunction may do to the nonmoving party; and

4. That granting the preliminary injunction will not disserve the public interest. *Canal Authority v. Callaway,* 489 F.2d 567, 572 (5th Cir.1979). A preliminary injunction is extraordinary relief and should only be granted upon a clear showing by the plaintiff. *Id.* at 576. "The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 506–07, 79 S.Ct. 948, 954–55, 3 L.Ed.2d 988 (1959); *Sampson v. Murray,* 415 U.S. 61, 88, 94 S.Ct. 937, 951, 39 L.Ed.2d 166 (1974); *Canal Authority,* 489 F.2d at 576; *Tate v. American Tugs, Inc.,* 634 F.2d 869, 870 (5th Cir.1981).

■ The plaintiff asserts that permitting the Mississippi Public Service Commission to proceed will deny it just compensation and cause irreparable injury. The plaintiff charges that the Mississippi Public Service Commission is only empowered by statute to grant or cancel certificates of public convenience and necessity. If the Commission determines that the plaintiff is not adequately serving its certificated area, it, therefore, can only cancel the certificate

---

**5.** In *Mitchum,* 407 U.S. at 243, 92 S.Ct. at 2162, the United States Supreme Court stated that principles of equity, comity and federalism, as set out in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), may prohibit issuance of an injunction even when the Anti-Injunction Act is not applicable. In *Younger,* the Court held that, absent certain circumstances, principles of equity, comity and federalism required denial of a motion to enjoin a state criminal proceeding in a federal action challenging the constitutionality of a state criminal law. *Younger 's* progeny has made clear that the doctrine espoused in that case applies to some or all state civil proceedings. *See, e.g., Trainor v. Hernandez,* 431 U.S. 434, 97 S.Ct.

1911, 52 L.Ed.2d 486 (1977); *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 604–05, 95 S.Ct. 1200, 1208–09, 43 L.Ed.2d 482 (1975). Application of the *Younger* doctrine requires that the court dismiss the entire federal suit since all claims can be presented to the state court. In this case, it is clear that all of the claims raised and relief requested before this court cannot be heard by the Mississippi Public Service Commission. Accordingly, *Younger* itself is not applicable. *See Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 435, 102 S.Ct. 2515, 2523, 73 L.Ed.2d 116 (1982).

and cannot provide that the plaintiff receive compensation for the taking of a property right. The Mississippi Supreme Court has determined that a certificate of public convenience and necessity is a property right and has also formulated the procedure by which that right is valued. *See Bear Creek Water Association, Inc. v. City of Madison,* 416 So.2d 399 (Miss.1982). If Bear Creek's certificate is cancelled in the Commission proceedings, it can receive compensation in a court action for damages resulting from the alleged invasion of the certificated area.[6] *See Capital Electric Power Association v. City of Canton,* 274 So.2d 665, 670 (Miss.1973); *City of Jackson v. Creston Hills, Inc.,* 252 Miss. 564, 172 So.2d 215, 220 (1965). Therefore, plaintiff's argument that continuation of the Commission proceedings will deny it just compensation and cause irreparable injury is without merit.

The plaintiff further argues that this court will be unable to grant the relief requested in this action if the Commission cancels plaintiff's certificate. The Commission will consider if the plaintiff is adequately serving its certificated area to determine whether to cancel the certificate. According to the plaintiff, any inadequacies in its service[7] will be remedied by the money damages or equitable relief of transferring the defendant's facilities to the plaintiff requested in this suit.[8] To permit the Public Service Commission to rule prior to action by this court will allegedly cause irreparable injury to the plaintiff.

The Public Service Commission is authorized and required by statute to act in the public interest. *See* Miss.Code Ann. § 77-3-2 (Supp.1984). The Commission must consider the public interest in its substantive actions as well as in the timing of those acts. This court, following the principles of equity, comity and federalism, hesitates to interfere in proceedings before the Public Service Commission.[9] The Commission is acting pursuant to a statutory scheme which is not challenged here and which apparently does not foreclose the availability of just compensation following a taking. In addition, the members of the Public Service Commission and its staff presumably have the expertise and experience necessary to make a decision that is in the best interest of the general public. Accordingly, the plaintiff has not shown that it will suffer irreparable injury that outweighs any harm the issuance of the preliminary injunction will cause the defendants. Additionally, the plaintiff has not established that granting its motion will further the public interest. Because the plaintiff has failed to satisfy the "indispensable prerequisite to issuance of a preliminary injunction," irreparable injury, consideration of the other elements of the *Canal Authority* test is not necessary. *See Tate v. American Tugs,* 634 F.2d 869, 870 (5th Cir.1981). 489 F.2d at 578.

It is, therefore, ordered that the plaintiff's motion for preliminary injunction is denied. It is further ordered that the motion to dismiss of defendants, City of Can-

---

**6.** Accordingly, plaintiff has an adequate remedy at law whereby it can be compensated if its certificate is cancelled. The availability of an adequate remedy at law indicates that the alleged harm is not irreparable. *See Sampson v. Murray,* 415 U.S. 61, 90, 94 S.Ct. 937, 953, 39 L.Ed.2d 166 (1974).

**7.** The plaintiff apparently anticipates that the Mississippi Public Service Commission will not rule in its favor. However, by affidavit, Anne J. King, Manager of Bear Creek, states: "Bear Creek Water Association, was and is ready, willing, able and authorized in accordance with its responsibilities, to provide water works services for the subject industrial park."

**8.** Neither party has briefed the question of whether this court is empowered to transfer property belonging to the defendants and subject to a security interest of approximately 1.5 million dollars to the plaintiff.

**9.** The proceeding before the Mississippi Public Service Commission will be a hearing with appellate review before the state courts of Mississippi. *See* Miss.Code Ann. § 77-3-21 (1972) and Miss.Code Ann. 77-3-67 through -71 (Supp. 1984). *See Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 437, 102 S.Ct. 2515, 2524, 73 L.Ed.2d 116 (1982) (federal court should abstain from interfering in pending state bar disciplinary proceedings).

ton, Mississippi, its Mayor and Board of Aldermen, the Industrial Development Authority of Madison County, Mississippi and John M. Wallace is denied.