**Reversed and Remanded and Majority and Concurring Opinions filed November 13, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00442-CV

---

## HELIX ENERGY SOLUTIONS GROUP, INC., HELIX SUBSEA CONSTRUCTION, INC., AND HELIX WELL OPS INC., Appellants

### V.

### MATTHEW HOWARD, Appellee

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-67699**

---

## C O N C U R R I N G   O P I N I O N

Appellee Matthew Howard asserts, and the trial court impliedly found, that general maritime law provides a unique remedy to seamen when they sue their employers in state or federal court to recover maintenance and cure (hereinafter the "Remedy"). According to Howard, the Remedy allows the trial court to grant a pretrial motion to compel the employer to pay maintenance and cure to the seaman

until the maintenance-and-cure issues are finally decided by summary judgment or at trial, even if, as in today's case, the claims will be tried to a jury. The Remedy is unusual in that it compels the employer to pay maintenance and cure to the seaman before trial and without evidence conclusively proving the seaman's entitlement to this relief.

The Remedy is like the unicorn—a mystical creature whose nebulous existence is recognized in some places and renounced in others. If it exists, the Remedy would be available to the seaman even if the seaman is judgment-proof and even if, upon the employer's success on the merits at trial, the seaman would have no basis for receiving these interim payments and would have no recovery against which to offset any potential refund judgment. The majority concludes that, even if seamen have the right to this valuable remedy in federal court under general maritime law, it is a procedural right rather than a substantive right. According to the majority, applying Texas law, which does not provide the Remedy, does not work material prejudice to a characteristic feature of general maritime law. Rather than determine that the Remedy is procedural, this court should base its judgment on the conclusion that general maritime law does not provide the Remedy.

Before addressing what the Remedy is, it is appropriate first to address what it is not.

- The Remedy is not an injunction that preserves the status quo of the litigation's subject matter pending a trial on the merits to avoid irreparable injury to the seaman in the interim.[1]

---

[1] Howard did not seek, and the trial court did not grant, such an injunction. Even if Howard had sought this relief, federal courts have held that this relief generally is not available. *See Carline v. Cap. Marine Supply, Inc.*, 81 F.R.D. 710, 711–12 (E.D. La. 1979); *Billiot v. Toups Marine Transp., Inc.,* 465 F.Supp. 1265, 1268–69 (E.D. La. 1979).

- The Remedy is not a summary judgment. Howard did not file a motion for summary judgment, under which he would have had the burden of submitting summary-judgment evidence conclusively proving his entitlement to maintenance and cure.[2] Such a motion, if successful, would obviate the need for trial regarding the seaman's entitlement to maintenance and cure.

- The Remedy is not a bench trial. Howard did not seek an expedited bench trial on his maintenance-and-cure claims while still pursuing a jury trial on his Jones Act negligence and unseaworthiness claims. Instead, Howard sought and obtained the Remedy from the trial court, even though Howard has demanded a jury trial on his maintenance-and-cure, Jones Act negligence, and unseaworthiness claims.[3]

---

[2] *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).

[3] In his concurring opinion, Justice Busby states that it is useful to consider the category of cases in which a seaman seeks some type of expedited determination by the trial court of maintenance and cure before other issues in the case are resolved—a category that includes the Remedy. *See post* at p. 2 (Busby, J., concurring). Justice Busby then discusses cases that he says address "expedited court determination of maintenance and cure." *See id.* at pp. 2–4. He states that federal decisions make it clear that expedited court determination of maintenance and cure is available in cases involving a bench trial but is not available in cases involving a jury trial. *See id.* Justice Busby concludes that, because a seaman's ability to obtain an expedited determination of maintenance and cure in federal court varies depending on the procedural posture of the case, expedited determination is a procedural rather than a substantive feature of federal maritime law. *See id.* But, the cases upon which Justice Busby relies in this analysis do not address the availability of the Remedy or the availability of an "expedited court determination of maintenance and cure"; instead these cases address the availability of an expedited bench trial. *See Tate v. American Tugs, Inc.*, 634 F.2d 869, 871 (5th Cir. 1981). Justice Busby relies upon the *Tate* court's suggestion that a seaman may seek an expedited bench trial as to maintenance-and-cure claims as a basis for concluding that the Remedy is procedural rather than substantive. *See id.* But, the *Tate* court did not address the Remedy, which is obtained, if it exists, before trial; rather, the *Tate* court addressed the option a seaman has to obtain an expedited bench trial on the maintenance-and-cure claims. *See Tate*, 634 F.2d at 870–71. The only case Justice Busby cites that applies the Remedy does not address the issue of whether the Remedy exists; this case does not state that the Remedy is limited to situations in which the seaman elects not to try the maintenance-and-cure claims to a federal-court jury along with the Jones Act negligence claims. *See In re Petition of RJF Int'l Corp.*, 261 F. Supp. 2d 101, 102–06 (D. R.I. 2003), *aff'd*, 354 F.3d 104 (1st Cir. 2004). The parties have not cited and research has not revealed any case in which the court addresses whether the Remedy is available in a case in which the seaman's claims will be tried to a jury. Further, if federal cases held that the Remedy is not available if the seaman's claims are to be tried to a jury, these cases would establish that the Remedy is not available in the case under review, and it would not be necessary to address whether the Remedy is procedural or substantive.

The parties have not cited and research has not revealed any case from the Supreme Court of the United States or any Texas court addressing whether, under general maritime law, a seaman is entitled to the Remedy, either in state court or in federal court. Thus, stare decisis does not answer this question. Nonetheless, courts in a number of other jurisdictions have addressed this issue. Various courts have concluded that a seaman is not entitled to the Remedy.[4] A few courts have determined that general maritime law does provide the Remedy to seamen.[5] In a few other cases, courts have provided the Remedy to a seaman, without addressing whether general maritime law provides the Remedy.[6] In any event, across all courts in the United States of America, there are not many cases addressing whether the Remedy is available to a seaman under general maritime law, and a majority of the courts that have addressed this issue have concluded that general maritime law does not provide the Remedy.[7]

---

[4] *See Blake v. Cairns,* No. C–03–4500 MJJ, 2004 WL 1857255, at *1 (N.D.Cal. Aug. 16, 2004); *Bloom v. Weeks Marine, Inc.*, 225 F.Supp.2d 1334, 1336 (M.D. Fla. 2002); *Billiot v. Toups Marine Transp., Inc.,* 465 F.Supp. 1265, 1267 (E.D.La.1979); *Sanfilippo v. Rosa S., Inc.,* No. 85–3915–Me, 1985 WL 4565, at *2 (D.Mass. Dec. 9, 1985); *Claudio v. Sinclair Ref. Co.,* 126 F.Supp.154, 154 (E.D.N.Y.1954); *Rio Miami Corp. v. Balbuena,* 756 So.2d 258, 258 (Fla. Ct. App. 2000); *Perry v. Allied Offshore Marine Corp.*, 618 So.2d 1033, 1035–36 (La. Ct. App. 1993).

[5] *See Gouma v. Trident Seafoods, Inc.*, No. C07-1309, 2008 WL 2020442, at *1–3 (W.D. Wash. Jan. 11, 2008); *Dean v. The Fishing Company of Alaska*, 300 P.3d 815, 820–24 (Wash. 2013).

[6] *See Connors v. Iqueque U.S.L.L.C.*, No. C05-334JLR, 2005 WL 2206922, at *1–3 (W.D. Wash. Aug. 25, 2005); *In re Petition of RJF Int'l Corp.*, 261 F. Supp. 2d at 102–06; *Sefcik v. Ocean Pride Alaska, Inc.,* 844 F.Supp. 1372, 1373–74 (D. Alaska 1993).

[7] *See* cases cited in footnotes 4–6. A reader of Justice Busby's concurring opinion might conclude that the term "expedited court determination of maintenance and cure" means the Remedy and that a substantial number of federal courts have concluded that this relief is available under certain circumstances. This conclusion would not be correct. The opinion in *Johnson v. Marlin Drilling Company* contains very little information regarding the procedural history of the case in the trial court. *See* 893 F.2d 77, 77–80 (5th Cir. 1990). Nonetheless, the *Johnson* court never states that the plaintiff sought the Remedy or that the plaintiff filed a pre-trial motion to compel payment of maintenance and cure. *See id*. The *Johnson* court states the

4

This court should follow the reasoning of the line of cases rejecting the proposition that the Remedy is available to a seaman under general maritime law and should conclude that general maritime law does not allow a seaman who brings a maintenance-and-cure claim to obtain a pretrial, interim order requiring payment of maintenance and cure before an adjudication of the merits of any claims either at trial or by summary judgment.[8] Inasmuch as general maritime law does not provide the Remedy, there is no need to decide whether any such remedy would be a substantive remedy that state courts would have to apply under the "reverse-*Erie*" doctrine which applies to maritime claims filed in state courts.[9]

---

trial court rendered judgment based on the briefs alone and refused the plaintiff's request for an evidentiary hearing. *See id*. at 78–80. It appears that the trial court in *Johnson* rendered a final judgment on the merits based on briefs and without an evidentiary hearing or trial. *See id*. The *Johnson* opinion does not address whether general maritime law provides the Remedy to a seaman. *See id*.

[8] *See Blake*, 2004 WL 1857255, at *1; *Bloom*, 225 F.Supp.2d at 1336; *Billiot,* 465 F.Supp. at 1269; *Sanfilippo,*1985 WL 4565, at *2; *Claudio*, 126 F.Supp. at 154; *Rio Miami Corp.,* 756 So.2d at 258 ; *Perry*, 618 So.2d at 1035–36. This conclusion should be the same whether the pretrial motion is cast as a motion to compel payment of maintenance and cure or as a motion to reinstate payment of maintenance and cure.

[9] The "saving to suitors" clause of title 28, section 1333(1) of the United States Code allows state courts to adjudicate *in personam* maritime claims, but in such cases, the extent to which state law may be used to remedy maritime injuries is constrained by the so-called "reverse-*Erie*" doctrine which requires that the substantive remedies afforded by the states conform to governing federal maritime standards. *See*28 U.S.C. 1333(1); *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 222–23, 106 S. Ct. 2485, 2494, 91 L.Ed.2d 174 (1986); *Schlumberger Technology Corp. v. Arthey*, 435 S.W.3d 250, 253, n.12 (Tex. 2014); *Texaco Refining & Marketing, Inc. v. Estate of Dau Van Tran*, 808 S.W.2d 61, 64 (Tex. 1991).

For the foregoing reasons, I respectfully concur in the court's judgment, but I do not join the majority opinion.[10]

/s/     Kem Thompson Frost
         Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Busby. (Christopher, J., majority) (Busby, J., concurring).

---

[10] If a temporary-injunction order fails to comply with the requirements of Texas Rule of Civil Procedure 683, it is subject to being declared void and dissolved, but the "void" character of the order does not mean that the trial court lacked jurisdiction over the case or that the appellate court lacked jurisdiction over the appeal. *See Qwest Communications Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam); *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam). Therefore, the majority should not rely upon the *Coronado* case. *See ante* at p. 7 (citing *Freedom Communcations, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) (per curiam)).