**Reversed and Remanded and Memorandum Opinion filed June 6, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00185-CV

## NOBLE DRILLING (U.S.) LLC, Appellant

## V.

## ERIC WHEELER, Appellee

**On Appeal from the 434th Judicial District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 21-DCV-287270**

## M E M O R A N D U M   O P I N I O N

Noble Drilling (U.S.), LLC brings this interlocutory appeal challenging the trial court's temporary injunction order requiring Noble to pay increased maintenance and cure benefits under general maritime law to seaman Eric Wheeler. Concluding that the trial court erred in so doing, we reverse and remand the temporary injunction order.

## Background

Wheeler reported experiencing severe neck and back pain while working on a drillship for Noble. He was removed from the vessel on August 6, 2021 and taken ashore for further evaluation. The parties disagree regarding the cause and extent of Wheeler's injuries as well as whether he has fully recovered. In this lawsuit, Wheeler has sued Noble for (1) negligence under the Jones Act, (2) unseaworthiness, and (3) maintenance and cure benefits. Noble began paying Wheeler maintenance benefits of $35 per day, but Wheeler filed a motion to compel, requesting the amount of maintenance be increased to $120.21 a day. Wheeler also requested that Noble be ordered to pay for his medical care with a physician of his choosing, even though his preferred doctor is apparently not in-network for his health insurance and another doctor apparently cleared him to return to work with no restrictions. The trial court granted Wheeler's motion and issued a temporary injunction requiring Noble to pay Wheeler maintenance of $121.21 a day until maximum medical improvement has been reached and requiring it to pay all of his reasonable and necessary medical expenses. Noble then brought this interlocutory appeal.[1]

## Discussion

Noble challenges the trial court's temporary injunction in three issues, asserting that (1) the trial court erred in ordering maintenance and cure in a temporary injunction, (2) the trial court's order did not meet the requirements for such orders in Texas Rule of Civil Procedure 683, and (3) Wheeler did not satisfy the elements for issuance of a temporary injunction. We will begin by setting forth the general law governing our analysis before briefly addressing whether the order

---

[1] The trial court entered a series of four temporary injunction orders. The order at issue here is the fourth and final order that is currently in place.

2

in this case satisfies the requirements of Rule 683. We will then turn to the key question of whether the trial court abused its discretion in entering a temporary injunction order requiring an increase in maintenance and cure benefits.

## I. Governing Law

### A. Standard of Review

We review the grant or denial of a temporary injunction for an abuse of discretion. *Davis v. Huey*, 571 S.W.2d 859, 861–62 (Tex. 1978); *EMSL Analytical, Inc. v. Younker*, 154 S.W.3d 693, 696 (Tex. App.—Houston [14th Dist.] 2004, no pet.). The trial court abuses its discretion if it acts arbitrarily and unreasonably, without reference to guiding rules or principles, or if it misapplies the law to the established facts of the case. *Law v. William Marsh Rice Univ.*, 123 S.W.3d 786, 792 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

### B. Maintenance and Cure

Although, as was done here, a claim for maintenance and cure is typically brought in conjunction with a Jones Act negligence claim or unseaworthiness claim, it is a separate and distinct cause of action. *See Weeks Marine, Inc. v. Garza*, 371 S.W.3d 157, 163 (Tex. 2012); *Hewitt v. Ryan Marine Servs., Inc.*, No. 14-09-00227-CV, 2012 WL 3525408, at *7 (Tex. App.—Houston [14th Dist.] Aug. 16, 2012, no pet.) (mem. op.). The obligation to pay maintenance and cure benefits is based on the vessel owner's duty to provide food, lodging, and medical services to a seaman who is injured in service to the ship. *See Weeks Marine*, 371 S.W.3d at 163. "Maintenance is a daily stipend for living expenses, whereas cure is the payment of medical expenses." *Meche v. Doucet*, 777 F.3d 237, 244 (5th Cir. 2015) (internal quotations and citations omitted). A seaman is entitled to maintenance and cure until the date of maximum possible cure, or the date beyond

which further treatment would not improve the condition. *E.g.*, *Mar. Overseas Corp. v. Ellis*, 886 S.W.2d 780, 795 (Tex. App.—Houston [14th Dist.] 1994), *aff'd*, 971 S.W.2d 402 (Tex. 1998). The obligation has been a feature of maritime law for centuries and is grounded in humanitarian and economic concerns. *See Weeks Marine*, 371 S.W.3d at 163. "A claim for maintenance and cure is considered contractual in nature and arises from the relationship between seaman and employer." *Id*.

When an employer receives a demand for maintenance and cure, it is not required to immediately begin making payments but may conduct a reasonable investigation and require corroboration. *E.g.*, *Boudreaux v. Transocean Deepwater, Inc.*, 721 F.3d 723, 728 (5th Cir. 2013). In addition, an employer may rely on certain legal defenses to deny a claim for maintenance and cure. *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005). However, if a shipowner wrongly fails to provide maintenance and cure benefits, the seaman may be entitled to compensatory damages for any injuries caused by such failure, in addition to the amount of the withheld benefits, and may even be entitled to punitive damages if the failure to pay is deemed willful and wanton. *Weeks Marine*, 371 S.W.3d at 165.

While claims for maintenance and cure are based in federal substantive law, state law governs procedural matters in such cases in state courts. *See, e.g.*, *Helix Energy Sols. Grp., Inc. v. Howard*, 452 S.W.3d 40, 43–44 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (noting but not addressing question of whether maintenance and cure benefits can be granted via temporary injunction); *see also W & T Offshore, Inc. v. Fredieu*, 610 S.W.3d 884, 890 (Tex. 2020). There are numerous potential fact questions involved in maintenance and cure cases to be decided by a jury in a jury trial and by the judge in a bench trial; these include the

correct per diem amount for maintenance benefits, the allowable expenses for cure, the timeframe for such benefits, whether the plaintiff qualified as a seaman, whether the seaman was entitled to any such benefits at all, and the amount of any compensatory or punitive damages. *See generally Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 21 (1963); *Socony-Vacuum Oil Co. Inc. v. Aderhold*, 150 Tex. 292, 298, 240 S.W.2d 751, 754–55 (1951); *Cepeda v. Orion Marine Constr., Inc.*, 499 S.W.3d 579, 581 (Tex. App.—Houston [1st Dist.] 2016, pet. denied); *Mar. Overseas*, 886 S.W.2d at 795–96. The determination of the correct per diem amount itself involves several potential fact findings. *See Hall v. Noble Drilling (U.S.) Inc.*, 242 F.3d 582, 587–90 (5th Cir. 2001).

### C. Temporary Injunctions

The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (op. on reh'g). A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Id*. Generally, to obtain a temporary injunction, the applicant must prove (a) he has a cause of action against the opposing party; (b) he has a probable right on final trial to the relief sought; and (c) he faces probable, imminent, and irreparable injury in the interim. *See id*.; *Helix Energy*, 452 S.W.3d at 44. An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Butnaru*, 84 S.W.3d at 204. In other words, an adequate remedy at law exists and injunctive relief is improper when any potential harm may be adequately cured by monetary damages. *See Sw. Sunrise, LLC v. John Gannon, Inc.*, No. 14-22-00551-CV, 2024 WL 1793021, at *3 (Tex. App.—Houston [14th Dist.] Apr. 25, 2024, no pet. h.) (mem. op.). There is no adequate remedy at law if damages are incapable of calculation or if a defendant is

incapable of responding in damages. *Osaka Japanese Rest., Inc. v. Osaka Steakhouse Corp.*, No. 14-09-01031-CV, 2010 WL 3418206, at *2 (Tex. App.—Houston [14th Dist.] Aug. 31, 2010, no pet.) (mem. op.). The party seeking a temporary injunction has the burden of production, which is the burden of offering some evidence that establishes a probable right to recover and a probable interim injury. *Id.*

When the temporary injunction being sought is mandatory in nature rather than restrictive, issuance is proper only if a mandatory order is necessary to prevent irreparable injury or extreme hardship. *RP&R, Inc. v. Territo*, 32 S.W.3d 396, 400–01 (Tex. App.—Houston [14th Dist.] 2000, no pet.). "[A] mandatory injunction . . . should be denied absent a clear and compelling presentation of extreme necessity [to prevent irreparable injury] or hardship." *Id.*

Under Rule 683, every order granting an injunction must set forth the reasons for its issuance, be in specific terms, and describe in reasonable detail the act or acts sought to be restrained. Tex. R. Civ. P. 683. The order must also set "the cause for trial on the merits with respect to the ultimate relief sought." *Id.* An order failing to comply with Rule 683 "is subject to being declared void and dissolved." *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam); *see also Helix Energy*, 452 S.W.3d at 44–45 (declaring temporary injunction order on maintenance and cure void for failing to comply with Rule 683 and thus not addressing the order's substantive merits).

## II. Application of Rule 683

In its second issue, Noble contends that the trial court's temporary injunction order fails to satisfy the requirements of Rule 683. When this appeal was filed, the trial court's temporary injunction order did not include either a trial setting, as required by Rule 683, or a bond amount, as required by Rule 684. Tex. R. Civ. P.

6

683, 684. After we lifted our stay to permit the trial court to file an amended order, the trial court did so, setting the case for trial in the new order and setting a bond amount. The current order now complies with Rules 683 and 684. Specifically regarding Rule 684, the order states the reasons for its issuance (to ensure that Wheeler's monthly living expenses and reasonable and necessary medical expenses are paid, thereby preventing probable, imminent, and irreparable injury to him), is in specific terms, describes in reasonable detail the required acts (payment of $120.21 a day plus reasonable and necessary medical expenses until maximum medical improvement has been reached as defined by federal case law), and sets the case for final trial on the merits. Tex. R. Civ. P. 683; *see also Helix Energy*, 452 S.W.3d at 44–45. Accordingly, we overrule Noble's second issue.

### III. Temporary Injunction for Maintenance and Cure

In its first issue, Noble argues that the trial court erred in issuing a temporary injunction to increase the amount of maintenance and cure, and in its third issue, Noble argues that Wheeler failed to satisfy the elements for issuance of a temporary injunction. We will consider these issues together.

Despite the fact that maintenance and cure are centuries old remedies, Wheeler has not cited and research has not revealed any Texas case in which a court addressed the propriety of using a temporary injunction to mandate the payment of maintenance and cure benefits. As stated above, in *Helix Energy*, we noted the question of whether a temporary injunction could be used for this purpose but we did not attempt to answer the question because we found the order at issue was void. 452 S.W.3d at 43–44.

As also set forth above, one of the requirements an applicant must establish to be entitled to a temporary injunction is that he faces irreparable injury in the absence of such order, meaning that such injury cannot be adequately measured or

7

compensated by monetary damages. *See Butnaru*, 84 S.W.3d at 204; *Sw. Sunrise, LLC*, 2024 WL 1793021, at \*3. As we have previously held, a mandatory injunction further requires a clear and compelling presentation of extreme necessity to prevent irreparable injury or extreme hardship. *RP&R, Inc.*, 32 S.W.3d at 400–01.

Here, Wheeler asserts that he would suffer irreparable harm in the absence of a temporary injunction mandating increased maintenance and cure benefits because the benefits Noble was already paying were not enough to meet his daily living expenses and medical needs, which risked the loss of his home and being unable to pay for food and adequate medical care. Specifically for living expenses, Wheeler lists amounts for his mortgage, insurance, and HOA dues; electric and gas bills; cell phone service; internet; and food costs based on a model USDA plan. Regarding cure benefits, Wheeler sought payment of medical expenses with a physician of his choice, even if out-of-network for his insurance and even though he had apparently been cleared to return to work by another physician.

Such circumstances are likely commonplace in cases involving Jones Act and maintenance and cure claims, and yet, there are no Texas appellate cases in which a temporary injunction was used to require or increase the payment of maintenance and cure benefits. The reason for this may lie in the fact that maritime law itself provides remedies for when maintenance and cure benefits are wrongfully withheld or deemed inadequate. As explained above, if a shipowner wrongly fails to provide adequate maintenance and cure benefits, the seaman may be entitled on final trial, not only to the amount of withheld maintenance and cure, but also to compensatory damages for any injuries caused by the failure to pay proper benefits and even punitive damages if the failure to pay was willful and wanton. *See, e.g.*, *Weeks Marine*, 371 S.W.3d at 165. In other words, maritime law

provides exact measures for compensating a seaman for any injury caused by the absence or inadequacy of maintenance and cure benefits. *See generally Butnaru*, 84 S.W.3d at 204; *Sw. Sunrise, LLC*, 2024 WL 1793021, at *3; *Weeks Marine*, 371 S.W.3d at 165.

Moreover, in the present case, it bears emphasizing that Noble was already paying a not insubstantial amount of maintenance benefits before the trial court's order issued, and Noble apparently only balked at paying cure benefits for Wheeler's out-of-network provider and because he had been cleared to return to work. We mention this not to suggest that these benefits were adequate—we need not and do not take a position on that fact question at this time—but only to explain why this case does not contain a clear and compelling presentation of extreme necessity or hardship as we have previously required. *See RP&R, Inc.*, 32 S.W.3d at 400–01.

Lastly, we note the similarity between the facts of this case and the facts encountered by the Fifth Circuit in *Tate v. American Tugs, Inc.*, 634 F.2d 869 (5th Cir. 1981), albeit applying federal procedural law rather than Texas procedural law. In *Tate*, as here, a seaman complained that he was receiving inadequate maintenance benefits and requested a preliminary injunction compelling his employer to pay him a higher daily rate. *Id*. at 870. The seaman asserted he would otherwise suffer irreparable injury including, potentially, disease and other irreparable damage to his health. *Id*. at 871. The Fifth Circuit affirmed the denial of the preliminary injunction but also left the door open for the possible use of an injunction "[i]n an extreme case, where the seaman is destitute and his employer refuses to pay anything." *Id*. In the twenty-three years since *Tate*, the Fifth Circuit

has not encountered such an extreme case.[2]

We need not go as far as the Fifth Circuit and say that a temporary injunction may be an appropriate remedy for absent or inadequate maintenance and cure benefits in a future case. We conclude only that it was an inappropriate remedy in the present case because Wheeler did not establish an extreme necessity or hardship and maritime law provides methods of compensation for this very circumstance. *See Butnaru*, 84 S.W.3d at 204; *Sw. Sunrise, LLC*, 2024 WL 1793021, at *3; *Weeks Marine*, 371 S.W.3d at 165; *RP&R, Inc.*, 32 S.W.3d at 400–01.[3]

For the foregoing reasons, the trial court abused its discretion in granting the temporary injunction. We therefore sustain Noble's first and third issues.

### *Conclusion*

We reverse the trial court's temporary injunction order and remand the cause back to the trial court.

_/s/ Frances Bourliot_____
Frances Bourliot
Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Wilson.

---

[2] Indeed, cases in any jurisdiction considering a pretrial procedure other than summary judgment for maintenance and cure benefits appear to be few and far between. *See generally Helix Energy*, 452 S.W.3d at 43 & n.2, 3 (surveying cases); *id*. at 47 & n.4, 5, 6, 8 (Frost, C.J., concurring) (same); *id*. at 48–49 (Busby, J., concurring) (same).

[3] We also need not and do not take any position on whether this case would be an appropriate one for summary judgment or other expedited resolution.